IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CASE NO. 1:12-cr-00390 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE DAN AARON POLSTER |
| | ) |
| DAKOTA WRIGHT, | ) |
| | ) **OPINION AND ORDER** |
| Defendant. | ) |

Before the Court is Defendant Dakota Wright's *pro se* Motion for Immediate Compassionate Release.[1] ECF Doc. 149. For the reasons stated herein, Wright's Motion for Compassionate Release under the First Step Act of 2018 is **DENIED**.

I.   BACKGROUND

On October 4, 2013, Wright pleaded guilty to one count of Aiding and Abetting Interference with Commerce by Robbery and one count of Brandishing a Firearm during a Crime of Violence. ECF Docs. 97, 98, 113. For these offenses, Wright was sentenced to an aggregate 200-month prison term,[2] and he is currently being held at FCI McKean with an expected release date of December 27, 2025.[3]

---

[1] Wright was appointed counsel by this Court on September 21, 2021, but Wright declined the representation and requested that he proceed with this motion for compassionate release *pro se*. ECF Doc. 153. The Court granted counsel's motion to withdraw (*see* ECF Non-Document Order, Oct. 25, 2021), and now reviews Wright's original *pro se* motion.

[2] Wright was also charged with other robbery offenses in case number 12-cr-450. Wright was sentenced on both this case and the 12-cr-450 case at the same time, and the sentences for both cases were ordered to run concurrently. ECF Doc. 112, 113.

[3] *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last accessed October 27, 2021).

**II.     ANALYSIS**

    **A.     Exhaustion**

Before filing a motion for compassionate release, an inmate must satisfy the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (explaining that exhaustion occurs when an inmate has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [inmate]'s behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the [inmates]'s facility, whichever is earlier.").

Wright has exhausted all administrative remedies because, on July 8, 2021, the warden denied Wright's request to file a compassionate release motion on his behalf. ECF Doc. 149 at 2. Based on this information, Wright has satisfied the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A)(i).

    **B.     Factors Warranting Early Release**

As authorized by 18 U.S.C. § 3582(c)(1), two requirements must be met before the Court may grant a compassionate release. 18 U.S.C. § 3582(c)(1). The Court must find: (1) extraordinary and compelling circumstances permit sentence reduction; and (2) the reduction is proper considering the 18 U.S.C. § 3553(a) sentencing factors, "to the extent they are applicable." *Id*.

        **1.     *Extraordinary and Compelling Reasons***

When determining whether the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release, courts consider the following factors: (1) whether defendant is at high risk of having complications from COVID-19; and (2) whether the defendant's prison has a severe COVID-19 outbreak. *United States v. Elias*, 984 F.3d

516, 520 (6th Cir. 2021) (citing *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, *4 (N.D. Ohio May 22, 2020)).

Wright raises the following "extraordinary and compelling" reasons for compassionate release: 1) the COVID-19 pandemic and his ongoing recovery from COVID-19; and 2) the conditions at FCI McKean. Because neither of his identified bases has factual support, Wright has not made the necessary showing of an extraordinary and compelling reason to reduce his sentence. ECF Doc. 149 at 2.

As an initial matter, Wright has not shown that he is at a high risk of again contracting COVID-19 or that he suffers from any current health conditions which may cause more severe symptoms or complications from COVID-19. Typically, an analysis of this factor involves consulting the Centers for Disease Control and Prevention's ("CDC") list of COVID-19 risk factors, which outlines risk factors that can make you "more likely to get severely ill from COVID-19."[4] Yet, the Court cannot conduct this analysis because Wright has not provided the Court with his pertinent medical information nor identified any specific health concerns which he believes may place him at greater risk should he again contract COVID-19. Rather, the only evidence before the Court is that Wright was previously diagnosed with COVID-19 and has since recovered. ECF Doc. 149 at 2. *See United States v. Hood*, 850 F. App'x 428, 431 (6th Cir. 2021) (affirming the district court's denial of compassionate release when defendant argued that a second infection of COVID-19 could be more severe but presented no evidence that a more severe response was likely). Thus, in total, the Court is unable to weigh this factor in Wright's favor in the absence of any medical records or other evidence to support his concerns.

---

[4] Centers for Disease Control & Prevention, *People with Certain medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Nov. 1, 2021).

Moreover, Wright has likewise failed to show that FCI McKean is experiencing an outbreak of COVID-19. Wright contends that the conditions of his incarceration at FCI McKean places him at an increased risk of again contracting COVID-19. ECF Doc. 149 at 2. However, the BOP has taken considerable measures to reduce the risk of inmates contracting COVID-19. For example, the BOP has offered the vaccine to inmates, including Wright. However, Wright has not provided the Court with any information or produced any evidence concerning his vaccination status and thus the Court is unable to consider this factor in its decision. Additionally, FCI McKean currently reports that there are no confirmed active cases among inmates.[5] Because he is not being exposed to a severe COVID-19 outbreak at FCI McKean, Wright's previous contraction of COVID-19 does not constitute an extraordinary and compelling reason justifying his early release.

### 2.  *18 U.S.C. § 3553(a) Factors*

Even if Wright had established an "extraordinary and compelling reason" for a sentence reduction, compassionate release is inappropriate considering the sentencing factors listed in 18 U.S.C. § 3553(a). The statute lists seven factors the Court must weigh, including: the nature and circumstances of the offense as well as the defendant's history and characteristics; the need for the sentence; the types of sentences available; the sentencing range; any pertinent policy statement; the need to avoid sentence disparities among similar defendants; and the need to provide restitution to victims. 18 U.S.C. § 3553(a). These factors are initially considered during sentencing, and, in deliberating a motion for compassionate release, the Court must consider whether the factors support a sentence modification. 18 U.S.C. § 3582(c)(1).

For this part of the analysis, Wright details his extensive rehabilitative efforts, and Court acknowledges and commends Wright on his dedication to self-reflection and self-improvement,

---

[5] *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed on October 27, 2021)

especially with regard to his alcohol and drug addiction recovery. ECF Doc. 149 at 3. Nonetheless, while noble, rehabilitation alone does not warrant granting compassionate release. *See United States v. Booker*, No. 1:13-CR-00050, 2020 U.S. Dist. LEXIS 28809, *3 (N.D. Ohio Feb. 20, 2020) ("[R]ehabilitation of the defendant alone cannot serve as the basis for compassionate release." (internal quotation marks omitted)).

Furthermore, the nature of Wright's offenses and the length of time left on his sentence further confirm that early release is not warranted. Wright was convicted of serious and violent offenses, and he still has over four years remaining on his 200-month incarceration term. ECF Doc. 113 at 1-2. For these reasons, the Section 3553(a) factors weigh against granting Wright's Motion for Compassionate Release.

### III. CONCLUSION

For the above reasons, Dakota Wright's Motion for Compassionate Release (ECF Doc. 149) is hereby **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster November 2, 2021*
**Dan Aaron Polster**
**United States District Judge**